**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| HOLLY BLINKOFF,<br>　　　　Plaintiff, | No. 3:21-cv-1516 (SRU) |
| 　　　　v. | |
| CITY OF TORRINGTON, et al.,<br>　　　　Defendants. | |

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR**
**RECONSIDERATION**

Plaintiff Holly Blinkoff ("Blinkoff") moves for relief from judgment on count two of her amended complaint, doc. no. 53, under Rule 60(b)(2), (3), and (6). *See generally* Doc. No. 107. Defendants the City of Torrington, the City of Torrington Planning and Zoning Commission, Greg Mele, Gregory Perosino, Nicole Dorman, and Dave Frascarelli (collectively, "Defendants") object to Blinkoff's motion for relief from judgment. *See generally* Doc. No. 110.

Blinkoff also filed a motion for reconsideration of her motion to defer pending appeal ("motion for reconsideration"), doc. no. 122. *See also* Doc. No. 116 (requesting the court defer ruling on her motion for relief from judgment pending her appeal). Defendants also object to her motion for reconsideration. Doc. No. 123.

For the reasons discussed below, I **deny** Blinkoff's motion for relief from judgment, doc. no. 107, and **deny** Blinkoff's motion for reconsideration, doc. no. 122.

## I.    Standard of Review

### A.  Motion for Relief from Judgment

Rule 60(b) permits a party to seek relief from a final judgment under a "limited set of circumstances including fraud . . . and newly discovered evidence." *Gonzalez v. Crosby*, 545

U.S. 524, 528 (2005).  "A motion for relief from judgment is generally not favored and is

properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd.*

*of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  "A motion under Rule 60(b) must be made

within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of

the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).  "[W]hen the

reason asserted for relief comes properly within [clauses (1) through (5)], clause (6) may not be

employed to avoid the one-year limitation." *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.

1977).  Finally, "[e]ven where the movants show that their motion to reopen is encompassed by

the grounds enumerated in Rule 60(b), they must still show that they possess a meritorious claim

before they can prevail." *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 389 (E.D.N.Y. 1998).

Blinkoff claims she warrants relief under the specific circumstances described in Rule

60(b)(2) and Rule 60(b)(3).  Rule 60(b)(2) and (3) provide that:

> The court may relieve a party . . . from a final judgment, order, or proceeding for
> the following reasons: . . . (2) newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to move for a new trial under
> Rule 59(b); [and] (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party[.]

Fed. R. Civ. P. 60(b)(2)-(3).

To succeed on a Rule 60(b)(2) motion, "the movant must present evidence that is 'truly

newly discovered or . . . could not have been found by due diligence.'" *United States v.*

*Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (quoting *Westerly Electronics Corp.*

*v. Walter Kidde & Co.*, 367 F.2d 269, 270 (2d Cir. 1966)).  The standard for relief is demanding:

> [T]he movant must demonstrate that (1) the newly discovered evidence was of facts
> that existed at the time of trial or other dispositive proceeding, (2) the movant must
> have been justifiably ignorant of them despite due diligence, (3) the evidence must
> be admissible and of such importance that it probably would have changed the
> outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Int'l Bhd. of Teamsters*, 247 F.3d at 392 (internal citations omitted).

A court may also grant relief from a final judgment due to fraud.  Fed. R. Civ. P. 60(b)(3).  "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case."  *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal citation and quotation marks omitted).[1]  "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits."  *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (citing *Mastini v. American Tel. & Telegraph Co.*, 369 F.2d 378, 379 (2d Cir. 1966)).  Rule 60(b)(3) typically applies "where material information has been withheld or incorrect or perjured evidence has been intentionally supplied."  *Walther v. Maricopa Int'l Inv. Corp.*, 2002 WL 31521078, at *3 (S.D.N.Y. Nov. 12, 2002).

"Controlling cases have held that if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)."  *Int'l Bhd. of Teamsters*, 247 F.3d at 391-92.  *See also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment . . . provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5).").  Further, a party may not use subsection 60(b)(6) to circumvent the one-year time limit in clauses 60(b)(1), (2), and (3).  *Liljeberg*, 486 U.S. at 863 n.11.  Therefore, because

---

[1] These are the same principles that apply to a motion to set aside a judgment based on fraud on the court.  *State St. Bank & Tr. Co.*, 374 F.3d at 176.  *But see Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988) ("'[F]raud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication.") (citing *Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972)).

Blinkoff argues she is entitled to relief from judgment under Rule 60(b)(2) and (3), I will not consider whether to grant her relief under Rule 60(b)(6).[2]

B. <u>Motion for Reconsideration</u>

Local Rule of Civil Procedure 7(c) permits a party to file a motion for reconsideration within seven days of the filing of the decision from which the party seeks relief.  D. Conn. Local R. Civ. P. 7(c).  The Second Circuit has repeatedly held that "[t]he standard for granting . . . a motion [for reconsideration] is strict."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "will generally be denied unless the [movant] can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Id.*  Courts have granted motions for reconsideration in limited circumstances, including:  (1) where there has been an "intervening change of controlling law"; (2) where new evidence has become available; or (3) where there is a "need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 at 790).  On the other hand, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).

---

[2] Notably, "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'"  *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

## II.    Background

Blinkoff filed the present case on November 12, 2021 seeking to reopen and relitigate two previously adjudged cases, an action she filed in 1997, and a subsequent, independent action she brought in 2006 to set aside the judgment in the 1997 case.  *See* Doc. No. 1; *Blinkoff v. Torrington Planning, et al.*, Dkt. No. 3-97-cv-1345 [hereinafter *1997 Case*]; *Blinkoff v. Dorman et al.*, Dkt. No. 3:06-cv-607 [hereinafter *2006 Case*].[3]  I assume the parties' familiarity with the facts at issue in this case, as well as those in the related, previously adjudged cases.  *See generally* Docs. No. 96, 106.

The immediately relevant procedural history is that I granted Defendants' motion to dismiss Blinkoff's complaint, including count two, on March 31, 2023.  *See generally* Doc. No. 96.  Blinkoff then filed a motion for reconsideration on April 7, 2023 to challenge the order dismissing her complaint.  Doc. No. 98.  Blinkoff also appealed the order dismissing her complaint to the Second Circuit Court of Appeals (the "Second Circuit") on April 27, 2023.  Doc. No. 103.  I denied her motion for reconsideration on February 27, 2024.  *See generally* Doc. No. 106.

Blinkoff filed the present motion for relief from judgment on count two of her amended complaint on November 13, 2024.  Doc. No. 107.  *See* Doc. No. 53 at 16-21. On December 30, 2024, she filed a motion to defer consideration of her motion for relief until the disposition of her Second Circuit appeal ("motion to defer").  Doc. No. 116.  The Second Circuit issued a mandate on March 19, 2025 affirming the dismissal of her equal protection claim, the same claim on which she seeks relief from judgment.  Doc. No. 120.

---

[3] The *1997 Case* went to trial in April 2002.  *See Blinkoff v. Torrington Planning*, Dkt. No. 3:97-cv-1345.  I held a bench trial, or evidentiary hearing, for the *2006 Case* in December 2007.  *See Blinkoff v. Dorman*, Dkt. No. 3:06-cv-607.

After the Second Circuit affirmed the judgment, I denied as moot Blinkoff's motion to defer.  Doc. No. 121.  Blinkoff then filed a motion to reconsider her motion to defer resolution pending appeal.  Doc. No. 122.

Defendants objected to each of those motions.  Docs. No. 110, 117, 123.

## III.    Discussion

### A.    Motion for Relief from Judgment

Blinkoff filed her Rule 60(b) motion on November 13, 2024, more than one year after I dismissed her equal protection claim on March 31, 2023.  *See* Doc. No. 107.  Therefore, under Rules 60(b)(2) and (3), her motion is untimely because it was filed more than one year after I dismissed her equal protection claim.  *See* Doc. No. 96.  However, I will address the merits of her motion because she filed it as a *pro se* party and because she filed the motion within one year of my denying her motion for reconsideration.  *See* Docs. No. 106, 107; *Modise v. CareOne Health Servs., LLC*, 638 F. Supp. 3d 159, 172 (D. Conn. 2022) ("[A] *pro se* litigant's filings and motions are liberally construed to raise the strongest arguments they suggest.") (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

In her motion for relief from judgment on count two, Blinkoff states she discovered new evidence via a September 30, 2024 article (the "September 2024 article") in the Waterbury Republican newspaper.  Doc. No. 107 at 1, 6.  The article reports on a lawsuit in Connecticut state court, *O&G Industries, Inc. v. Haynes Aggregate, LLC*, HHD-CV-24-6186285 (the "*O&G Industries* case").  *Id.* at 6.  Blinkoff argues the information in the September 2024 article and *O&G Industries* case constitutes "newly discovered, fraudulently concealed evidence regarding the quarry operating since at least 2011" and this evidence is grounds for relief from judgment under Rule 60(b)(2), (3), and (6).  *Id.* at 8-9.

Blinkoff asserts that the "new" evidence shows the quarry was operating since 2011 and that this evidence would probably have changed my analysis in dismissing her equal protection claim. Doc. No. 107 at 8-9. She states that the "only reason" I dismissed her equal protection claim is because of the 24-year gap between when Blinkoff was denied her permit and her discovery of a city sanctioned quarry operating on November 12, 2018. Doc. No. 107 at 10. Defendants argue the information is not "evidence" because she cites to allegations in a complaint and is not "new" because it involves publicly available information ascertainable through land records and PZC meeting minutes. Doc. No. 110 at 5-7.

I address only whether the evidence is newly discovered or was fraudulently concealed under Rule 60(b)(2) and (3) because the sections of Rule 60(b) are "mutually exclusive," and if any specific section applies relief is not justified under Rule 60(b)(6). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988) (stating clauses (1) through (5) of Rule 60(b) are mutually exclusive).

      i.   <u>Whether Blinkoff presents "newly discovered evidence" warranting relief under Rule 60(b)(2)</u>

Blinkoff faces a high bar in arguing that the information in the newspaper article and the *O&G Industries* case constitutes "newly discovered evidence" under Rule 60(b)(2). She must show that:

> (1) [T]he newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (internal citations omitted).

Assuming arguendo that the evidence Blinkoff presents could not have been found by due diligence and that it would be admissible, proof of the quarry operating since 2011 would not have changed the outcome of Defendants' motion to dismiss and is likely cumulative to evidence already presented on her equal protection claim. *See id.*

I did not dismiss Blinkoff's equal protection claim solely because of the time gap between her permit denial and her discovery of a city sanctioned quarry. Instead, I held that *res judicata* bars her claim. Doc. No. 96 at 26-31. *Res judicata* precludes her claim because Blinkoff brought two equal protection claims in the *1997 Case* against parties in privity with the current Defendants. *Id*. at 27-28. Additionally, I held that any new evidence she may now have discovered does not mean that her claim was not already actionable at the time of the *1997 Case*. *Id.* at 28-30.

Further, I concluded that even if the "evidence not previously discoverable" exception to *res judicata* applied to the new evidence she cited, that evidence could not support "a class-of-one or selective enforcement equal protection claim." *Id.* at 31-34.[4] Blinkoff's motion for relief from judgment makes a similar argument to the one she made in her motion for reconsideration, doc. no. 98-1 at 18-19. In that motion, Blinkoff argued O&G Industries was a proper comparator because the quarry "had been operating for years" and the 2021 permit was renewed biannually. *Id.* As I stated in the order denying her motion for reconsideration, whether O&G Industries was operating before 2021 is immaterial to her equal protection claim. Doc. No. 106 at 17-18. The subject of Blinkoff's equal protection claim was Defendants' granting the new permit in 2021. *Id.*; Doc. No. 53 at 18. The temporal difference between the granting of the 2021 permit and the

---

[4] My analysis of *res judicata* and the availability of a class-of-one or selective enforcement claims were affirmed by the Second Circuit Court of Appeals in its March 19, 2025 mandate. *See* Doc. No. 120 at 5-6, 10 (affirming the dismissal of Blinkoff's equal protection claim because "the existence of the O&G Quarry does not support Blinkoff's Equal Protection claim on either a class-of-one or selective enforcement theory").

denial of the 1997 permit is what matters—not at what point prior to 2021 O&G Industries allegedly began operating a quarry. Doc. No. 106 at 17-18 ("There were more than two decades between O&G Industries obtaining that permit and Blinkoff being denied a similar permit. That temporal difference between the acts of denying and granting permits for the same plots of land is what matters.").

Because the dismissal of Blinkoff's equal protection claim was not premised on when O&G Industries began operating a quarry and instead was based both on *res judicata* and the grant of their 2021 permit, the new evidence Blinkoff claims the September 2024 article and *O&G Industries* case provide would not have changed the outcome of the motion to dismiss or the denial of her motion for reconsideration. Blinkoff does not present newly discovered evidence meeting the demanding burden of Rule 60(b)(2). *Int'l Bhd. of Teamsters*, 247 F.3d at 392.

Accordingly, I **deny** Blinkoff's Rule 60(b)(2) motion, doc. no. 107.

### ii. Whether the evidence was fraudulently concealed warranting relief under Rule 60(b)(3)

Blinkoff repeatedly states the evidence of the quarry operating since 2011 was "fraudulently concealed," but does not expound upon her claim by detailing *how* the evidence was fraudulently concealed. *See* Doc. No. 107 at 8-11.[5] She also does not describe any conduct that would have prevented her from "fully and fairly presenting [her] case." *State St. Bank & Tr.*

---

[5] Blinkoff includes more detailed allegations of fraud in her motion for reconsideration. Doc. No. 122 at 2-4. She describes her 1999 permit, certain conditions included in the permit, and several parcels of land. *Id.* at 3-4. From those allegations, she concludes Defendants "misrepresent[ed] the property address." *Id.* at 4. However, her exhibits do not clearly demonstrate that Defendants fraudulently misrepresented the property address, and her argument does not relate to her equal protection claim based on the 2021 permit. Therefore, Blinkoff's allegations still do not amount "clear and convincing evidence of material misrepresentations" made by Defendants. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (cleaned up). Blinkoff also does not explain how any misrepresentations of property addresses prevented her from fully and fairly presenting her case. *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004).

*Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal citation and quotation marks omitted).  I cannot grant Blinkoff's Rule 60(b)(3) motion because she does not provide "clear and convincing evidence of material misrepresentations." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (cleaned up).  Instead, her motion attempts to relitigate the merits of her equal protection claim. *Id.*

Therefore, I **deny** Blinkoff's Rule 60(b)(3) motion for relief from judgment based on fraudulently concealed evidence.  Doc. No. 107.

### B.  Motion for Reconsideration

Blinkoff moves for reconsideration of the denial of her motion to defer resolution pending appeal ("motion to defer"), doc. no. 116, which I denied as moot after the Second Circuit issued a mandate affirming my dismissal of her equal protection claim.  Docs. No. 120-121.  In support of her motion, Blinkoff reiterates much of the same arguments brought in her motion for relief from judgment, doc. no. 107.  Blinkoff points to the September 2024 newspaper article reporting a lawsuit by O&G Industries in support of her motion for reconsideration.  Doc. No. 122 at 1-2; Doc. No. 124 at 2-4.  Defendants argue that Blinkoff's motion for reconsideration does not set forth the matters or controlling decisions she believes I overlooked and that I properly denied the motion as moot.  Doc. No. 123 at 1-2.

Defendants correctly note that Blinkoff does not point to "controlling decisions or data" that I overlooked that would change the mooting of her motion to defer. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Nor has there been an "intervening change of controlling law," any new evidence concerning her motion to defer, or a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H.

Cooper, *Federal Practice & Procedure* § 4478 at 790).  The Second Circuit's issuing a mandate in her appeal effectively accomplished the goal of her motion to defer—I did not rule on her motion for relief from judgment prior to the resolution of her appeal.  A motion becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal citations and quotation marks omitted).  I could no longer grant the relief Blinkoff requested and, therefore, her motion to defer resolution pending her appeal became moot.  Upon reconsideration, the motion is still moot because I still cannot grant any effectual relief.

For all the above reasons, I **deny** Blinkoff's motion for reconsideration.  Doc. No. 122.

## IV.    Conclusion

Accordingly, for the reasons discussed above, I **deny** Blinkoff's motion for relief from judgment and motion for reconsideration, doc. no. 107 and doc. no. 122.

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of September 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge