UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOLLY BLINKOFF,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF TORRINGTON, et al.,<br>    Defendants. | No. 3:21-cv-1516 (SRU) |

### ORDER ON MOTION FOR RECONSIDERATION

Plaintiff Holly Blinkoff ("Blinkoff") moved for reconsideration of my order denying her motion for relief from judgment on count two of her amended complaint. *See generally* Docs. No. 107, 125, 126. Blinkoff also filed a motion to take judicial notice and a motion to expedite my ruling on her motion for reconsideration ("motion to expedite"), docs. no. 127 and 128.

Defendants the City of Torrington, the City of Torrington Planning and Zoning Commission, Greg Mele, Gregory Perosino, Nicole Dorman, and Dave Frascarelli (collectively, "Defendants") did not respond to Blinkoff's motion for reconsideration.

For the reasons discussed below, I **deny** Blinkoff's motion for reconsideration, doc. no. 126, **grant** her motion to take judicial notice, doc. no. 127, and **deny as moot** her motion to expedite, doc. no. 128.

**I.    Standard of Review**

Local Rule of Civil Procedure 7(c) permits a party to file a motion for reconsideration within seven days of the filing of the decision from which the party seeks relief. D. Conn. Local R. Civ. P. 7(c). *See also id.* ("No response to a motion for reconsideration need be filed unless requested by the Court."). The Second Circuit has repeatedly held that "[t]he standard for granting . . . a motion [for reconsideration] is strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255,

257 (2d Cir. 1995). A motion for reconsideration "will generally be denied unless the [movant] can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* Courts have granted motions for reconsideration in limited circumstances, including: (1) where there has been an "intervening change of controlling law"; (2) where new evidence has become available; or (3) where there is a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 at 790). On the other hand, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal citation and quotation marks omitted).

## II.     Background

As stated in prior rulings, Blinkoff filed the present case on November 12, 2021 seeking to reopen and relitigate two previously adjudged cases: an action she filed in 1997, and a subsequent, independent action she brought in 2006 to set aside the judgment in the 1997 case. *See* Doc. No. 1; *Blinkoff v. Torrington Planning, et al.*, Dkt. No. 3-97-cv-1345 [hereinafter *1997 Case*]; *Blinkoff v. Dorman et al.*, Dkt. No. 3:06-cv-607 [hereinafter *2006 Case*].[1] I assume the parties' familiarity with the facts at issue in this case, as well as those in the related, previously adjudged cases. *See generally* Docs. No. 96, 106.

---

[1] The *1997 Case* went to trial in April 2002. *See Blinkoff v. Torrington Planning*, Dkt. No. 3:97-cv-1345. I held a bench trial, or evidentiary hearing, for the *2006 Case* in December 2007. *See Blinkoff v. Dorman*, Dkt. No. 3:06-cv-607.

2

The immediately relevant procedural history is that I granted Defendants' motion to dismiss Blinkoff's complaint, including count two, on March 31, 2023. *See generally* Doc. No. 96. Blinkoff then filed a motion for reconsideration on April 7, 2023 ("2023 motion for reconsideration") to challenge the order dismissing her complaint. Doc. No. 98. I denied her motion for reconsideration on February 27, 2024. *See generally* Doc. No. 106. Blinkoff then filed a motion for relief from judgment on count two of her amended complaint under Rule 60(b)(2), (3), and (6) ("2024 motion for relief from judgment") on November 13, 2024. Doc. No. 107. *See* Doc. No. 53 at 16-21. On September 3, 2025, I denied Blinkoff's motion for relief from judgment.[2] Doc. No. 125. Blinkoff then filed the instant motion requesting reconsideration of her motion for relief from judgment on September 10, 2025. Doc. No. 126.

**III.    Discussion**

    A.  Motion for Reconsideration

Blinkoff's motion for reconsideration argues that I overlooked my prior rulings and that my decisions are a manifest injustice. Doc. No. 126 at 3. She contends that I previously "ruled in her favor that res judicata did not apply" and that I "violated the party presentation rule by *sua sponte* raising" an issue not raised by Defendants. *Id.* (emphasis added). Additionally, Blinkoff reiterates the claim on which she based her motion for relief from judgment: that Defendants fraudulently concealed O&G Industries' quarry operation. *Id.* at 9-14. In so arguing, Blinkoff mischaracterizes my prior rulings and attempts to relitigate the same arguments she previously raised in her 2023 motion for reconsideration and 2024 motion for relief from judgment. *See* Docs. No. 98, 106-107.

---

[2] In the same ruling, I also denied Blinkoff's motion for reconsideration of the denial of her motion to defer resolution pending appeal, which I denied as moot after the Second Circuit issued a mandate affirming my dismissal of her equal protection claim. *See* Docs. No. 116, 120-122, 125.

3

I addressed Blinkoff's arguments regarding the party presentation rule and res judicata when I denied her 2023 motion for reconsideration. *See generally* Doc. No. 106. In my ruling, I first discussed the party presentation rule and assumed *arguendo* that it applied. Doc. No. 106 at 3-4. I stated that the arguments I considered in ruling on Defendants' motion to dismiss were "arguments raised by the [D]efendants in their motions to dismiss[ ] or potential arguments I considered in an effort to liberally construe Blinkoff's pleadings." *Id.* at 4. Therefore, my ruling did not violate the party presentation rule's "supple, not ironclad" principle that allows "a modest initiating role for a court." *Id.* at 3 (quoting *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020)).

Additionally, I considered whether res judicata applied to Blinkoff's claims. Doc. No. 106 at 4-5, 14-18. I discussed the res judicata elements and concluded that Blinkoff "cannot, in a motion for reconsideration, modify her equal protection claim to make it a claim about a different, subsequent permit denial." *Id.* at 14-15. In analyzing her arguments, I concluded "that perhaps an exception to res judicata might apply" to the equal protection claim on which she based her 2024 motion for relief from judgment. *Id.* at 16. *See* Doc. No. 107. Again, I construed Blinkoff's pleadings liberally and assumed her equal protection claim was not barred by res judicata. *Id.* at 16-17. However, I concluded that even if res judicata did not apply, O&G Industries was not a proper comparator because the temporal difference between O&G Industries obtaining a permit in 2021 and Blinkoff's permit denial in 1997 was too substantial. *Id.* at 16-18. My ruling was and is that, even if res judicata did not apply to Blinkoff's equal protection claim, the "temporal difference between the acts of denying and granting permits for the same plots of land is what matters."[3] *Id.* at 17.

---

[3] The Second Circuit affirmed my analysis of res judicata and the availability of a class-of-one or selective enforcement claims in its March 19, 2025 mandate. *See* Doc. No. 120 at 5-6, 10 (affirming the dismissal of

Finally, Blinkoff asserts that she clearly explained how Defendants fraudulently concealed "the quarry operation" by recording the "260 Burr Mountain Road" property, or "the Ruot parcel," as "3217 Winstead Road." Doc. No. 126 at 9-12. She argues that I wrongly concluded that: (1) there were no misrepresentations and (2) Blinkoff did not explain how the misrepresentations prevented her from fully and fairly presenting her case. *Id.* at 12.

In ruling on Blinkoff's motion for relief from judgment due to fraudulently concealed evidence, I stated:

> [Blinkoff's] exhibits do not clearly demonstrate that Defendants fraudulently misrepresented the property address, and her argument does not relate to her equal protection claim based on the 2021 permit. Therefore, Blinkoff's allegations still do not amount "clear and convincing evidence of material misrepresentations" made by Defendants. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (cleaned up). Blinkoff also does not explain how any misrepresentations of property addresses prevented her from fully and fairly presenting her case. *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004).

Doc. No. 125 at 9 n.5. Blinkoff submits additional details and exhibits in her motion for reconsideration. Doc. No. 126 at 9-33. However, that information still does not amount to "clear and convincing evidence of material misrepresentations" affecting her ability to fully and fairly litigate her equal protection claim. *Fleming*, 865 F.2d at 484; *State St. Bank & Tr. Co.*, 374 F.3d at 176.[4]

Blinkoff's present motion for reconsideration attempts to do what the Second Circuit forbids: relitigate old issues and "otherwise tak[e] a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal citation and

---

Blinkoff's equal protection claim because "the existence of the O&G Quarry does not support Blinkoff's Equal Protection claim on either a class-of-one or selective enforcement theory").

[4] Blinkoff cites case law describing exceptions to the "due diligence requirement" for newly discovered evidence. Doc. No. 126 at 13-14. *See, e.g., Todd v. Pearl Woods, Inc.*, 20 A.D.2d 911 (1964), *aff'd*, 15 N.Y.2d 817 (1965); *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 698 (5th Cir. 1955). However, whether Blinkoff exercised due diligence in discovering the site plans and permits is not a factor or relevant to my determination of her motion for reconsideration.

quotation marks omitted).  Blinkoff does not point to an "intervening change of controlling law" or newly available evidence not raised by her 2024 motion for relief from judgment.  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 at 790). Although she claims that my decisions are a manifest injustice, Blinkoff's arguments do not demonstrate blatant legal error or new information "that might reasonably be expected to alter [my] conclusion."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Instead, Blinkoff largely makes arguments that I have already thoroughly considered; therefore, she does not meet the strict standard required for granting a motion for reconsideration.  *See Jordan v. Chiaroo*, 2024 WL 2104507, at *1, *3-4 (D. Conn. May 10, 2024) (denying a motion for reconsideration because the plaintiff failed to demonstrate clear error or manifest injustice).

For all the foregoing reasons, I **deny** Blinkoff's motion for reconsideration, doc. no. 126.

### B. Motion to Take Judicial Notice

Blinkoff also requests I take judicial notice of several public documents she attaches as exhibits, including exhibits attached to her motion for reconsideration.  Doc. No. 127; Doc. No. 126 at 16-33.  She alleges that the site plans she attaches of 3217 Winsted Road are mislabeled and are actually 260 Burr Mountain Road, or "the Ruot parcel."  Doc. No. 126 at 9-12.

A court may take "judicial notice of relevant matters of public record."  *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).  *See also Barletta v. Quiros*, 2023 WL 2687285, at *2 (D. Conn. Mar. 29, 2023) (stating courts may take judicial notice of their own records as well as other relevant matters of the public record).  "[I]t is proper to take judicial notice of the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard

to the truth of their contents . . . ." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (emphasis in original).

I have reviewed the documents Blinkoff included in her motions and take judicial notice of their existence in the public record for the limited purposes of deciding her motion for reconsideration. Thus, I **grant** Blinkoff's motion to take judicial notice, doc. no. 127.

### C. Motion to Expedite

Finally, Blinkoff requests I expedite my decision on her motion for reconsideration. Doc. No. 128. A motion becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal citations and quotation marks omitted). I can no longer grant the relief Blinkoff requests because this order resolves her motion for reconsideration. Therefore, I **deny as moot** Blinkoff's motion to expedite. Doc. No. 128.

### IV. Conclusion

Accordingly, for the reasons discussed above, I **deny** Blinkoff's motion for reconsideration, doc. no. 126. I **grant** Blinkoff's motion to take judicial notice and **deny as moot** her motion to expedite, docs. no. 127 and 128.

So ordered.

Dated at Bridgeport, Connecticut, this 17th day of November 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge